UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL - 2 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL BENNETT<br>LINDA BENNETT<br>Individually and as Co-Administrators of<br>the Estate of MARLA ANN BENNETT, deceased<br>c/o THOMAS FORTUNE FAY, ESQ.<br>601 Pennsylvania Ave., NW<br>Suite 900 – South Building<br>Washington, DC 20004<br><br>                                    Plaintiffs,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs<br>Khomeini Avenue<br>United Nations Street<br>Tehran, Iran,<br><br>THE IRANIAN MINISTRY OF INFORMATION<br>AND SECURITY<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran,<br>                                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>CASE NUMBER 1:03CV01486<br><br>JUDGE: Royce C. Lamberth<br><br>DECK TYPE: Personal Injury/Malpractice<br><br>DATE STAMP: 07/**/2003 |

## COMPLAINT

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1330(a), 1331 and 1332(a)(2). Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1605(a)(7) and to 28 U.S.C.A. §1605 note, *Civil Liability for Acts of State-Sponsored Terrorism* (West, 1998 Supp.). Venue lies in this Court pursuant to 28 U.S.C. §1391(f)(4). Actions for wrongful death, personal injury

3

and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees and agents within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S.C.A. §1605 note, *Civil Liability for Acts of State-Sponsored Terrorism, Public Law 104-208,* are unique causes of action arising out of those federal counter-terrorism statutes and are therefore controlled by federal law.

2. Plaintiffs Michael Bennett and Linda Bennett, domiciliaries of the State of California, are the parents of decedent Marla Ann Bennett, who died from injuries sustained during a terrorist attack in Jerusalem on July 31, 2002. Plaintiffs Michael Bennett and Linda Bennett are the Co-Administrators of the Estate of Marla Ann Bennett and in that capacity represent their daughter's other beneficiaries pursuant to federal and California state law, including Lisa Bennett, decedent's sister, and decedent's grandmother, Flo Ackerman.

3. Defendant, the Islamic Republic of Iran, is a foreign state and was on July 31, 2002 a state sponsor of terrorism designated as such pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. §2405(j)). Defendant, the Iranian Ministry of Information and Security, is the Iranian intelligence service through which Iran sponsored the terrorist group that caused the act of extra judicial killings described below.

4. Decedent Marla Ann Bennett, a United States national, was a 24-year-old graduate of University of California at Berkeley who planned to be teacher of Tanach (Hebrew Bible). She was a graduate student working on her master's degree in Judaic studies at the Pardes Institute of Jewish Studies in Berkeley and a participant in its Melton Center for Jewish Education program at Hebrew University in Jerusalem at the time of her death. On Wednesday, July 31, 2002, the decedent was having lunch with two of her friends, Harris-Gershon and Benjamin Blutstein[1], in the cafeteria of the Hebrew University in Jerusalem. The decedent prepared for a final exam

---

[1] Benjamin Blustein suffered fatal injuries in the attack described in this Complaint.

later that afternoon, one of her last requirements for the summer semester. She intended to fly back home to San Diego with her boyfriend Michael Simon two days later.

5. At 1:40 p.m. local time, a nail-studded bomb went off in the crowded cafeteria. The explosion killed the decedent and six other people and wounded over eighty other individuals, mostly students. The bomb was placed by a Hamas agent in a bag placed in the cafeteria and activated from a cell phone. These actions were carried out pursuant to instruction from the leadership of the HAMAS organization. It was decedent's practice to call her parents after terrorist attacks had occurred during her stay in Jerusalem, to let them know that she was unharmed and safe. The absence of any communication following the 7/31/2002 attack heightened their fear that something horrific occurred and intensified their suffering.

6. Plaintiffs contacted the U.S. State Department, the Israeli consulate in Los Angeles and several hospitals in Jerusalem looking for their daughter, while decedent's boyfriend Michael Simon was searching for decedent in Jerusalem. At approximately 2:30 p.m., Pacific daylight time, on 7/31/2002, the Plaintiffs were contacted by the United States State Department which requested that decedent's dental record be sent to Israel. With the assistance of the FBI, the records were transmitted as requested and Plaintiffs continued waiting for confirmation of their daughter's identification. At 10:15 p.m., Pacific daylight time, on 7/31/2002, Plaintiffs received the horrifying news from the L. Greenberg Institute of Forensic Medicine and the Israeli National Police that their daughter was among those who suffered fatal injuries in the bombing in the cafeteria.

7. Decedent's body was flown in from Israel to Los Angeles on Sunday August 4, 2002, after many scheduling difficulties further increasing Plaintiffs' mourning and pain. Friends of decedent took turns watching over her coffin until the funeral the next day. Plaintiffs' friends

and community arranged the funeral to be held at the Tifereth Israel Synagogue because a large crowd was anticipated. Decedent had many friends and colleagues throughout the United States as well as abroad. Decedent's death evoked media attention that interfered with the Bennett's ability to grieve.

8. The Islamic Resistance Movement, usually referred to as "Hamas", was founded in the chaos of the first intifada which began in 1987. The Charter of Hamas provides in Article 11 that it:

> "believes that the land of Palestine has been an Islamic Wadq throughout generations and until the Day of Resurrection, no one can renounce it or part of it, or abandon it or part of it."

Moreover, as is made clear in Article 13 "peaceful solutions ... are all contrary to the beliefs of the Islamic Resistance Movement." Pursuant to these stated goals, Hamas has intermittently since 1987 carried on a program of terrorist attacks upon the civilian population of Israel and Americans in Israel. From 1998 to the present, these operations have been funded to the extent of fifteen million dollars per month by the Defendant, the Islamic Republic of Iran, acting through its agency, the Iranian Ministry of Information and Security. Training of individual Hamas agents has been carried out by its agents, the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in a variety of venues including the Sudan, Syria, the Bekaa Valley area of Lebanon, and in Iran.

## COUNT I
## ACTION FOR WRONGFUL DEATH

9. Plaintiffs incorporate the allegations set forth above with like effect as if alleged herein.

10. Plaintiffs Michael Bennett and Linda Bennett bring this action as Co-Administrators of the Estate of Marla Ann Bennett, deceased. Decedent's death was caused by a willful and

deliberate act of extrajudicial killing, to wit, the explosion of a bomb deliberately prepared, placed and detonated by agents of Hamas acting under the direction and supervision of Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security. Defendant the Islamic Republic of Iran sponsored Hamas' terrorist activities within the meaning of 28 U.S.C. §1605(a)(7).

11. Defendant the Iranian Ministry of Information and Security, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency which caused the death of Marla Ann Bennett within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S.C.A. §1605 notes, *Civil Liability for Acts of State-Sponsored Terrorism, Public Law 104-208*. Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, are vicariously responsible for the actions of their agents because they controlled and acted in concert with Hamas in sponsoring its terrorist activities in Israel in this and all other terrorist acts of Hamas during this period.

12. The surviving beneficiaries of Marla Ann Bennett, as a direct and proximate consequence of the actions described above, for which Defendants are vicariously liable, suffered pecuniary loss, including assistance to the beneficiaries, the loss of decedent's future earnings, and decedent's funeral expenses.

**WHEREFORE,** Plaintiffs Michael Bennett and Linda Bennett demand that judgment be entered in favor of Decedent's Estate, on behalf of the beneficiaries, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of **TEN MILLION DOLLARS ($10,000,000)**, besides costs.

## COUNT II
## SURVIVAL ACTION

13. Plaintiffs incorporate the allegations set forth above with like effect as if alleged herein. Plaintiffs Michael Bennett and Linda Bennett bring this action, as Co-Administrators of the Estate of Marla Ann Bennett, deceased.

14. Before her death, decedent Marla Ann Bennett suffered extreme bodily pain and suffering, entitling her Estate to compensatory damages. Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, are vicariously responsible for the actions of their agents because they controlled and acted in concert with HAMAS in sponsoring its terrorist activities in Israel.

**WHEREFORE,** Plaintiffs Michael Bennett and Linda Bennett demand that judgment be entered in favor of Decedent's Estate against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of **TWENTY MILLION DOLLARS ($20,000,000)**, besides costs.

## COUNT III
## ACTION FOR SOLATIUM

15. Plaintiffs incorporate the allegations set forth above with like effect as if alleged herein. Plaintiffs Michael Bennett and Linda Bennett bring this action in their own rights and on behalf of decedent's beneficiaries.

16. Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, their officials, agents, and/or employees whose acts within the scope of their offices, agencies and/or employment, caused the extrajudicial killings above described through the act of terrorism described above. As a direct and proximate consequence of the violent death of Marla Ann Bennett, Plaintiffs and decedent's beneficiaries, as indicated above, have suffered

extraordinary grief and mental anguish, entitling Plaintiffs and decedent's beneficiaries to compensatory damages. 28 U.S.C.A. §1605 note, *Civil Liability for Acts of State Sponsored Terrorism, Public Law 104-208,*, specifically authorizes a cause of action for solatium in civil actions for money damages resulting from terrorist acts. Defendants are therefore jointly and severally liable to the Plaintiffs and to decedent's beneficiaries.

**WHEREFORE,** Plaintiffs Michael Bennett and Linda Bennett demand that judgment be entered in favor of Plaintiffs, on behalf of decedent's beneficiaries, Michael Bennett, Linda Bennett, Lisa Bennett and Flo Ackerman, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of **TWENTY MILLION DOLLARS ($20,000,000)** per beneficiary, besides costs.

## COUNT IV
## ACTION FOR PUNITIVE DAMAGES

17. Plaintiffs incorporate the allegations set forth above with like effect as if alleged herein. Plaintiffs Michael Bennett and Linda Bennett bring this action as the Co-Administrators of the Estate of Marla Ann Bennett, deceased.

18. The actions of the Defendants, acting in concert to carry out their unlawful objectives, were malicious and in willful, wanton and reckless disregard of the rights of Marla Ann Bennett. Members of Hamas, acting individually and jointly, intended to carry out actions which would end the lives of persons visiting the university cafeteria including Marla Ann Bennett, and these actions were undertaken at such time as they were operating for and in the service of Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, and the Defendants are therefore, vicariously liable to Plaintiffs.

Members of Hamas, acting individually and jointly, intended to carry out actions which would end the lives of persons visiting the university cafeteria including Marla Ann Bennett, and these actions were undertaken at such time as they were operating for and in the service of Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, and the Defendants are therefore, vicariously liable to Plaintiffs.

**WHEREFORE,** Plaintiffs Michael Bennett and Linda Bennett demand that judgment be entered in favor of the decedent's Estate against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of **THREE HUNDRED MILLION DOLLARS ($300,000,000)**, besides costs.

Date: 7/1/2003

Thomas Fortune Fay
D.C. Bar Id. 23929
THOMAS FORTUNE FAY, P.A.
601 Pennsylvania Ave., N.W.
Suite 900
Washington, DC 20004
(202) 638-4534
Attorney for Plaintiffs